## Josiah Kisterbock, Plff. in Err., *v.* James Lanning.

The engine, boiler, cupola, and machinery in a foundry, *held* to be fixtures, and to pass to a purchaser at a sale on a mortgage of the land "with the belongings and improvements thereon erected."

The defendant in an execution is not a competent witness for the execution creditor in a feigned issue under the interpleader act, to try the title of property levied on, as between the creditor and the vendee of such purchaser.

The inventory and appraisement of the personal property of the estate of such purchaser, since deceased, is not competent evidence in such feigned issue, to show that his executors had treated such property as personal property.

(Decided January 17, 1887.)

January Term, 1886, No. 160 E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

NOTE.—For the competency of the debtor as a witness in such case, see Hause v. Sloyer, 3 Pa. Dist. R. 320.

Error to the Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict directed for plaintiff in a feigned issue to try title to personal property. Affirmed.

This was a feigned issue, under the sheriff's interpleader act, wherein James Lanning was plaintiff and Josiah Kisterbock, defendant, to try title to property levied on under an execution issued on a judgment of Kisterbock against Henry Todd and Jeremiah C. Jones, partners as Todd & Jones, and claimed by James Lanning.

The following facts appeared on the trial in the court below:

The articles at the time of the levy were in the possession of Lanning in a foundry owned by the estate of Lewis Thompson and leased by Lanning. They were purchased in February, 1881, from the executors of Thompson, who were at that time in possession claiming title.

Thompson claimed title to both the foundry and the machinery and fixtures under a sheriff's sale under foreclosure of a mortgage on the foundry, given by Todd & Jones. The property, in three lots, was described in such mortgage, each lot separately, as follows:

"All that certain lot or piece of ground with the belongings and improvements thereon erected, situate, etc." The *lev. fa.* contained the same description and in addition the following:

"N. B. On the first and second above-described lots together, is erected a one and two story brick foundry building, containing engine, boiler, cupola, cleaning mill, drill presses, hangers, pulleys, shafting, etc. On the last described lot is erected a two-story brick building, used for store rooms, pattern rooms, office rooms, carpenter shop, and scaffolding, etc."

The sheriff's deed to Thompson recited the whole of the *lev. fa.,* but the granting clause contained only a description of the property as set out in the mortgage.

It was admitted that Todd & Jones were original owners of the foundry and the machinery and fixtures. Defendant claimed that Thompson originally acquired title to the property, under judgments confessed by Todd & Jones, under an agreement that he was to hold the same in trust for Todd & Jones and certain of their creditors, and that under a subsequent sale under the foreclosure of the mortgage of the foundry given by Todd & Jones, Thompson acquired the title only to the foundry,

and not to the machinery and fixtures contained therein, and that the title thereto was in Todd & Jones.

The court refused to permit Jeremiah C. Jones of Todd & Jones to testify concerning ownership of the articles levied upon, and struck out of his cross-examination all of his testimony relating to the ownership. The court also refused to allow him to testify as to what took place at the foreclosure sale of the personal property at the iron foundry, in order to show that the articles which were the subject of the suit were not levied upon by the sheriff nor sold by him to anyone.

The court also refused to allow Henry Todd, of Todd & Jones, to testify that Thompson (his father-in-law) never really had any title to the articles in question, but claimed to have gotten them under certain proceedings which in point of fact did not confer upon him any title to said goods.

The court also refused to permit in evidence the inventory and appraisement of the personal property of the estate of Lewis Thompson, deceased, for the purpose of showing that his executors had received the articles in question, and treated them as personal property.

The court refused the following points presented by defendant:

1. That the sheriff's sale, under the proceedings upon the mortgage, gave no title to the executors of Lewis Thompson's estate to the articles claimed by the plaintiff in this suit.

2. That the mortgage upon which the proceedings of foreclosure were had did not convey or cover the articles in question claimed by the plaintiff in this suit.

3. The property claimed by Lanning is personal property, and no part of the realty; and, therefore, the executors of Lewis Thompson's estate have never obtained a valid title to the same.

4. The said executors having obtained no title for the said property, the bill of sale, dated February 1, 1881, to the plaintiff in this action was void; and, therefore, your verdict should be for the defendant.

5. If you believe from the evidence that the executors of the Thompson estate included these articles in the inventory which they filed as personal property, the plaintiff in this suit took no title, and the executors are estopped from claiming that the said property was not personal property, and gave no title to Lanning for the same; and, therefore, your verdict should be for the defendant.

6. If the jury believe from the evidence that the articles claimed by the plaintiff in this suit were always understood and treated by the parties as chattels, then the Thompson estate, having no title to them under the mortgage proceedings, conferred no title to the plaintiff in this action, and, therefore, your verdict must be for the defendant.

7. If the jury believe from the evidence that the articles claimed by the plaintiff in this suit were never made a part of the freehold by the intention of the parties to the mortgage, then no title to them passed under the sheriff's sale to the Thompson estate; and therefore their sale by the Thompson estate was void; and therefore your verdict should be for the defendant.

The court charged the jury as follows:

"I do not see that there is anything to try. The plaintiff has made proof of title, deriving this property from the estate of Lewis Thompson, deceased. There is no evidence contrary to that, showing that title was not in Mr. Thompson, or was in anybody else; and therefore, under the evidence, I overrule all these points, and instruct you to find a verdict for the plaintiff."

A verdict was rendered for plaintiff.

The assignments of error specified the rejection of the evidence and witnesses as above, the refusal of defendant's points, and the charge of the court.

*G. Heide Norris* and *William Henry Lex,* for plaintiff in error.—The defendants in the execution should have been permitted to testify. Their interest was *in equilibrio* between the contending parties, who are their creditors.

If the claimant is successful, the execution plaintiff's judgment remains unsatisfied; while, if the verdict in the feigned issue is against the claimant, he will look to his vendors, who will in turn seek redress upon their judgment against the defendants.

They would be competent under the law as it existed before the act of 1869, and are not rendered incompetent by that act. Potter v. Burd, 4 Watts, 15. When a witness is interested in either event of a trial, and the preponderance cannot be weighed, it goes to his credit and not to his competency. Smith v. Rutherford, 2 Serg. & R. 358.

On a feigned issue between creditors to try the validity of a bond given by an insolvent, the obligor is a good witness to prove that it was bona fide. Wolf v. Carothers, 3 Serg. & R. 240.

Where grants of the same land are made to contending claimants, with general warranty, the widow of the grantor is a competent witness in an ejectment by one against the other, for her interests are *in equilibrio.* Brindle v. M'Ilvaine, 10 Serg. & R. 282.

The defendant in an execution under which goods previously sold to others have been levied on as his property, is a competent witness for the claimants, in an interpleader issue found as to the debtor's creditors, between them as plaintiffs and the execution creditor as defendant. Allentown Bank v. Beck, 49 Pa. 394-409; Updegraff v. Rowland, 52 Pa. 317; Ferree v. Thompson, 52 Pa. 353; Finney's Appeal, 59 Pa. 398; Dellinger's Appeal, 71 Pa. 425.

Defendants in an execution are competent to prove that the goods levied on belonged to their decedent's estate. The act of 1869 does not change the competency of witnesses in actions by or against executors. McMurray's Appeal, 13 W. N. C. 186.

Articles such as those in the present suit may or may not be fixtures, and therefore they may or may not be covered by a mortgage of the realty. On the question of fixtures, the intention of the parties governs, and they must be left to a jury to determine. Harlan v. Harlan, 20 Pa. 306; Voorhis v. Freeman, 2 Watts & S. 116, 37 Am. Dec. 490; Pyle v. Pennock, 2 Watts & S. 390, 37 Am. Dec. 517; Hill v. Sewald, 53 Pa. 271, 91 Am. Dec. 209; Seeger v. Pettit, 77 Pa. 440, 18 Am. Rep. 452; Sampson v. Graham, 96 Pa. 405; Harmony Bldg. Asso. v. Berger, 99 Pa. 324; Heysham v. Dettre, 89 Pa. 507; Witmer's Appeal, 45 Pa. 455, 84 Am. Dec. 505.

*Rowland Evans* and *R. L. Ashhurst,* for defendant in error.— In chattels, possession is the strongest evidence of ownership. Clow v. Woods, 5 Serg. & R. 288, 9 Am. Dec. 346; Martin v. Mathiot, 14 Serg. & R. 214, 16 Am. Dec. 491; Entriken v. Brown, 32 Pa. 365, 367.

Steam boilers and other machinery necessarily connected with and essential to the working of a mill are bound by the lien of judgments against the owner of the mill, and they cannot be

converted into personal property by him to the prejudice of the judgment creditors. Witmer's Appeal, 45 Pa. 461, 84 Am. Dec. 505.

The mortgage of a machine shop includes all the fixed elements of it that give it its peculiar character as a machine shop, so that when a lathe was taken from the mortgaged premises the mortgagee could follow it and recover it as his property. Hoskin v. Woodward, 45 Pa. 42. It is well settled that it is not necessary that the article should be specified in order to be covered by a mortgage or judgment; nor is it necessary that it should be physically annexed. Ege v. Kille, 84 Pa. 341; Morris's Appeal, 88 Pa. 383.

Where the mortgaged premises are a foundry the law presumes an intention that the articles, whether fast or loose, if indispensable in carrying on the specific business, become part of the realty.

After the sheriff's sale and the purchase of the realty and fixtures by Lewis Thompson under the mortgage, what he or his executors did with the property is immaterial.

Per Curiam:

We discover no error in this record. In contemplation of law, the articles in question attached to the realty and passed to the vendee under the sale on the mortgage. There was no error in the rejection of the evidence nor of the witness. Their interest was not *in equilibrio,* between the parties in this issue. They were therefore incompetent, prior to the act of 1869, and were not made competent thereby.

Judgment affirmed.